**STATE of Minnesota, Respondent,**

v.

**Willard J. HINCE, Jr., Appellant.**

**No. CX–83–182.**

Supreme Court of Minnesota.

Oct. 12, 1984.

C. Paul Jones, Public Defender, Mollie G. Raskind, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Jerry Anderson, Asst. Attys. Gen., St. Paul, David Olin, Pennington County Atty., Thief River Falls, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of criminal sexual conduct in the first degree, Minn.Stat. § 609.342(e)(i) (1982). The presumptive sentence for the offense (a severity level VIII offense) by a person with defendant's criminal history score at the time of sentencing (four) is an executed term of 95 (89–101) months in prison. The trial court sentenced defendant to 95 months in prison and made the sentence run consecutively to a term of 14 months imposed and executed that same day for a prior conviction. On appeal, defendant argues that his conviction should be reversed outright on the ground that the evidence of his guilt was legally insufficient. Alternatively, he seeks a reduction in the sentence duration or a modification of the sentence to a concurrent one.

▇▇▇ There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. The state concedes that consecutive sentencing was not justified and that defendant's sentence should have been concurrent. Minnesota Sentencing Guidelines and Commentary, II.F. (1982).[1] We affirm defendant's conviction, but modify defendant's sentence from consecutive to concurrent.

Affirmed as modified.

---

1. If the court had been justified in using consecutive sentencing, the court would have had to compute defendant's sentence duration using the zero criminal history column rather than the column for one with a criminal history score of four. Minnesota Sentencing Guidelines and Commentary, II.F. (1982).